J.R. v City of New York

2026 NY Slip Op 03069

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

J.R., an Infant, by His Mother and Natural guardian, D.D., Plaintiff-Appellant,

v

The City of New York, et al., Defendants-Respondents.

Decided and Entered: May 14, 2026

Index No. 21119/19|Appeal No. 6644|Case No. 2025-02662|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Horn Appellate Group, Brooklyn (Scott T. Horn of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Bo Malin — Mayor of counsel), for respondents.

[*1]

Judgment, Supreme Court, Bronx County (Shawn T. Kelly, J.), entered April 23, 2025, upon a jury verdict in defendants' favor, dismissing the complaint, unanimously affirmed, without costs.

The trial court correctly denied plaintiff's counsel's application, during plaintiff's case-in-chief, to read from transcripts of the infant's deposition and 50-h hearing. Plaintiff's counsel argues that, under CPLR 3117(a)(1), he is permitted to rely on that prior testimony to impeach the testimony of his client, the infant plaintiff. However, counsel was not seeking to attack his client's credibility. Instead, counsel sought to place plaintiff's prior testimony before the jury for the evidentiary truth of its contents under the guise of impeachment, which is not permitted (see People v Fitzpatrick, 40 NY2d 44, 50 [1976]). Notably, counsel did not request to read the testimony while plaintiff was on the stand (see Fowler v Parks, 222 AD2d 239, 239 [1st Dept 1995], lv denied 87 NY2d 809 [1996]). The testimony was also not admissible under CPLR 3117(a)(3)(iii). Counsel laid no foundation for the proposition that plaintiff was unavailable to testify due to infirmity (see Sadhwani v New York City Tr. Auth., 66 AD3d 405, 405 [1st Dept 2009], lv denied 14 NY3d 705 [2010]). To the contrary, plaintiff testified clearly and coherently about the facts of the accident.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026